UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KALLE SNYDER; MARGE SNYDER;
STEPHEN C. SNYDER,

                Plaintiffs,

  -against-                                1:98-CV-1292
                                                        (LEK/RFT)

SHENENDEHOWA CENTRAL SCHOOL
DISTRICT; *et al.*,
                Defendants.

**MEMORANDUM-DECISION AND ORDER**

      This case was originally filed by the Snyders ("Plaintiffs") in August 1998. See Complaint (Dkt. No. 1). After years of motions, orders, appeals, conferences, delays, and the like - including re-assignment of the matter from then-active United States Magistrate Judge Ralph W. Smith, Jr., to Magistrate Judge Randolph F. Treece - we have arrived at present day. Familiarity with the history of this case up to the present, including all prior Orders, is presumed.

      On September 5, 2006, Judge Treece issued a Uniform Pretrial Scheduling Order in this matter. See Dkt. No. 149. Said Uniform Pretrial Scheduling Order set the trial date in this matter for Monday, March 26, 2007. See Uniform Pretrial Sched. Order (Dkt. No. 149) at 4. Furthermore, Judge Treece's Order made clear that pretrial submissions (witness lists, exhibit lists, and the like) - which are required for all trials - were to be filed no later than thirty (30) days prior to the Trial Ready Date as set forth in the Pretrial Scheduling Order. Id. at 5.

      The Trial Ready Date was set as March 20, 2007. Id. at 4. However, despite Judge Treece's Order, this Court's practice is to require the filing of all required materials no later than ten (10)

1

days prior to the date the trial is set to begin (counting weekends and holidays). Thus, the practice of the undersigned is more favorable to all involved in this matter, since with the trial scheduled to begin on March 26, 2007, the parties had until as late as Friday, March 16, 2007, to file all required materials.

A review of the Docket illustrates that Defendants have filed witness and exhibit lists in this matter, as required. See Dkt. Nos. 160, 161. However, no submissions of any kind have been received by this Court from Plaintiffs as of the date of this Order (which is dated several days beyond the deadline for submissions). In fact, no submissions have been received from Plaintiffs in several months - indicating non-compliance with both Judge Treece's Order and this Court's practices.

In the past, Plaintiffs have repeatedly sought adjournments in this case, and have, at times, been difficult to reach for conferences or scheduling.[1] Furthermore, in this Court's August 2006 Order, Plaintiffs were placed on notice that: "**failure to comply with discovery deadlines, failure to comply with any future order of either this Court or Judge Treece, or any further unexcused delays in prosecuting this matter will result in dismissal**." See August 2006 Order (Dkt. No. 147) (emphasis in original). Plaintiffs have, therefore, failed to comply with the prior Orders of the Court.

United States Courts are vested with broad discretion to impose sanctions for non-compliance with court orders, and those sanctions can include the severe sanction of dismissing a case. See Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC, No. 01 Civ. 6600(RLC),

---

[1] See, e.g., Defts' Response to Plntfs' Letter Motion Seeking to Re-Open Mediation (Dkt. No. 146); August 2006 Order (Dkt. No. 147).

2

2005 WL 3370542, at *1 (S.D.N.Y. Dec. 12, 2005) ("Moreover, the court has the inherent authority to dismiss a case when a party disobeys any of its orders.") (citing Chambers v. Nasco, Inc., 501 U.S. 32, 45 (1991)).  Southridge addressed discovery orders, but there is also no difference for non-compliance with any other court order.  See Dumpson v. Goord, No. 00-CV-6039 CJS, 2004 WL 1638183 (W.D.N.Y. Jul. 22, 2004) (Court ordered one of the plaintiffs to provide address where he could be reached; plaintiff failed to comply; plaintiff was dismissed from the case).  Rule 41(b) of the Federal Rules of Civil Procedure addresses not only a plaintiff's failure to prosecute, but also a plaintiff's "failure... to comply with these rules or any order of court".  FED. R. CIV. P. 41(b).  See also Dumpson, 2004 WL 1638183, at *2 ("a court may *sua sponte* dismiss a plaintiff's action for failure to comply with an order of the court.... Such decisions are committed to the Court's sound discretion.... *Pro se* plaintiffs are entitled to a degree of leniency, but this 'should not extend to the disregard of a judge's plain directives.'") (citing, *inter alia*, Costello v. United States, 365 U.S. 265, 286-87 (1961); Lucas v. Miles, 84 F.3d 532, 538 (2d Cir. 1996)).

   The Second Circuit in LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206 (2d Cir. 2001), held that:

> *pro se* plaintiffs should be granted special leniency regarding procedural matters.... Finally, "this court has repeatedly detailed factors... to be considered before dismissal for failure to comply with a court order," and these factors significantly cabin a district court's discretion under Rule 41(b), so that "deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme."... Specifically, a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."

LeSane, 239 F.3d at 209 (citing and quoting Lucas, 84 F.3d at 535; Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)).

This Court has evaluated the factors as set forth by the Second Circuit. Among other things, Plaintiffs' inaction and failure to comply can no longer be excused by this Court, as they have been in the past. Plaintiffs were required to diligently prosecute their action, and comply with all filing deadlines - especially the pretrial submission deadlines. Their failure to do so has frustrated trial preparations, and has left Defendants at a significant disadvantage at the imminent approach of trial.

Therefore, given Plaintiffs' failures to comply with the prior Orders of the Court, and for failure to fully prosecute this matter, the Court hereby orders that the previously scheduled trial in this matter is **cancelled**, and this case is **dismissed with prejudice**.

Based upon the foregoing, it is hereby

**ORDERED**, that the trial previously scheduled to begin March 26, 2007, is **CANCELLED**, and this case is **DISMISSED WITH PREJUDICE**, due to Plaintiffs' failures to comply with prior Orders of the Court, and for failure to sufficiently prosecute the case; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties, with a copy to Plaintiffs sent **certified mail**, **return receipt requested**.

**IT IS SO ORDERED**.

DATED:   March 20, 2007
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge