UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KALLE SNYDER; MARGE SNYDER;
STEPHEN C. SNYDER,

                Plaintiffs,

  -against-                                 1:98-CV-1292
                                                    (LEK/RFT)

SHENENDEHOWA CENTRAL SCHOOL
DISTRICT; *et al.*,

                Defendants.

### MEMORANDUM-DECISION AND ORDER[1]

### I. Background

This case was originally filed by Kalle, Marge and Stephen Snyder ("Plaintiffs") in August 1998. See Complaint (Dkt. No. 1). Familiarity with the history of this case, including all the delays, conferences and orders is presumed.

On August 24, 2006, this Court ordered that the Honorable Randolph F. Treece, United States Magistrate Judge hold a *Federal Rule of Civil Procedure* 16 conference and issue a Uniform Pretrial Scheduling Order. August 24, 2006 Order (Dkt. No. 147). In the August 24, 2006 Order, the Court specifically wrote, "**ORDERED**, that **Plaintiffs are on notice that failure to comply with discovery deadlines, failure to comply with any future order of either this Court or Judge Treece, or any further unexcused delays in prosecuting this matter will result in dismissal.**" Id. On September 5, 2006, Judge Treece issued the Uniform Pretrial Scheduling Order stating that the trial date was to be March 26, 2007 with a trial ready date of March 20, 2007. Uniform Pretrial

---

[1] For printed publication by the Federal Reporters.

1

Scheduling Order (Dkt. No. 149). The Order, in separate and distinct sections, stated what pre-trial submissions parties were required to submit and in bold stated the submission's due date. Id.

In January 2007, Judge Treece amended the Uniform Pretrial Scheduling Order to extend discovery and specifically stated that, "Further, the Uniform Pretrial Scheduling Order is amended to extend the last date to serve and file dispositive motions as January 31, 2007. *All other provisions within the Scheduling Order shall remain in effect*." January 3, 2007 Order (Dkt. No. 159) (emphasis added).

Defendants filed the required pretrial submissions on time. See Dkt. Nos. 160, 161. However, this Court never received the required pre-trial submissions from Plaintiffs. Subsequently, on March 20, 2007, this Court found that Plaintiffs were in non-compliance with Judge Treece's Order, cancelled the March 26, 2007 trial, and dismissed the case with prejudice due to Plaintiffs' failure to comply with the prior Order of the Court and for failure to prosecute the case. March 20, 2007 Order (Dkt. No. 163).

On March 30, 2007, Plaintiffs filed a Motion for reconsideration of the March 20, 2007 Order. (Dkt. No. 172). For the reasons that follow below, the Motion to reconsider is denied.

## II. Discussion

The decision to grant or deny a motion to reconsider pursuant to *Federal Rule of Civil Procedure* 60(b) ("Rule 60(b)") is within the discretion of the trial court. Kotlicky v. United States Fidelity & Guar. Co., 817 F.2d 6, 8 (2d Cir. 1987). Rule 60(b) sets forth the grounds for allowing reconsideration of a judgment. It provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3)

>fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, . . .; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).

Rule 60(b) desires to strike a balance between the policy favoring finality of judgment and the policy favoring disposing of litigants' claims on the merits. Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Judgments should not be reopened lightly, but substantial justice should be served. Id.

Plaintiffs lay out the grounds for their Motion to reconsider as: (1) that Plaintiffs' failure to file pre-trial submissions was due to excusable neglect entitling them to relief via Rule 60(b)(1); (2) that the Court's March 20, 2007 order was a denial of Plaintiffs' due process thus voiding the judgment pursuant to Rule 60(b)(4); and (3) that this Court abused its discretion when it dismissed this case with prejudice. The Court finds that Plaintiff's actions regarding the filing of pre-trial submissions do not constitute excusable neglect, that Plaintiffs' due process rights were not violated and that the Court did not abuse its discretion in its previous order.

A. PLAINTIFFS' FAILURE TO FILE PRE-TRIAL SUBMISSIONS DOES NOT CONSTITUTE EXCUSABLE NEGLECT

Excusable neglect is not limited to omissions caused by circumstances outside the control of the movant; it may include instances of inadvertence, carelessness, and mistake. Pioneer Inv. Servs. Co. v. Brunswick Assosc. Ltd P'ship, 507 U.S. 380, 388 (1993). However, omissions caused by inadvertence or mistake will not usually be excusable neglect. Id. The decision is essentially an equitable one that encompasses all the relevant factors surrounding the movant's omission. Id. at

395. The Second Circuit has held that it does not generally constitute excusable neglect when the movant fails to follow the clear dictates of a court rule. Canfield v. Van Atta Buick/GMC Truck, 127 F.3d 248, 250-51 (2d Cir. 1997).

Here, Plaintiffs are alleging that they did not file the required pre-trial submissions because they assumed that after discovery had been extended, that the trial date set forth in the Uniform Pretrial Scheduling Order would be changed. See Motion to Reconsider (Dkt. No. 172, Ex. 2). Plaintiffs also assert that they assumed that the Court would make this change of its own volition because Plaintiff Marge Snyder, in an offhand comment and not in written submission, allegedly informed the Court that sometime in March, her job would require her to go out of town. Id. She never sought leave from the Court to change the trial date or even informed it that the trial date posed a direct conflict with her business trip.

The Uniform Pretrial Scheduling Order was clear in setting the deadlines for pre-trial submissions and a trial date. See Uniform Pretrial Scheduling Order (Dkt. No. 149). The Order begins by stating in bold,

> 1 ) **THE DEADLINES SET IN THIS SCHEDULING ORDER SUPERSEDE THE DEADLINES SET FORTH IN FED. R. CIV. P.26(a)(3) AND ARE FIRM AND *WILL NOT BE EXTENDED*, EVEN BY STIPULATION OF THE PARTIES, ABSENT GOOD CAUSE. See Fed. R. Civ. P. 16(b).**

Uniform Pretrial Scheduling Order (Dkt. No. 149) at 1 (emphasis added). Section 8 of the order clearly states that the trial date is March 26, 2007 and that the trial ready date will be March 20, 2007. Uniform Pretrial Scheduling Order (Dkt. No. 149) at 4. Section 11 clearly informs the parties of what must be included in the pre-trial submissions and what date they are due by, the relevant dates bolded in the text. Id. at 5-6. Further, when the Scheduling Order was amended to

reflect the extension of discovery it clearly stated, "the Uniform Pretrial Scheduling Order is amended to extend the last date to serve and file dispositive motions as January 31, 2007. *All other provisions within the Scheduling Order shall remain in effect.*" Order January 3, 2007 (Dkt. No. 159) (emphasis added). The Uniform Pretrial Scheduling Order was unambiguous and clearly establishes the dates of the trial and submissions, as well as what is required of those submissions. It was also clear in the January 3, 2007 Order that the trial and submission dates had not been changed and would not be changed.

Second Circuit precedent is that the failure to follow the clear dictates of a court will not generally be excusable neglect. Canfield, 127 F.3d at 250-51. Further, Plaintiffs' excuse that they assumed the Court would change the trial date and submission date is not excusable. It is the duty of the parties to ensure that they know the deadlines for submissions and the date of trial; it is also the duty of the parties to request an extension if one is required. Following the Second Circuit's precedent, this Court finds that Plaintiffs' passive actions in the face of clear and unambiguous orders of the court do not constitute excusable neglect. Accordingly, Plaintiffs' Rule 60(b)(1) motion is denied.

B. PLAINTIFFS' DUE PROCESS RIGHTS WERE NOT VIOLATED BY THE MARCH 20 ORDER

Rule 60(b)(4) requires that a final judgment that is void be overturned. Cent. Vt. PSC v. Herbert, 341 F.3d 186, 189 (2d Cir. 2003). A judgment is void when the court rendering it lacked jurisdiction, or acted in a manner inconsistent with due process. Beller & Keller v. Tyler, 120 F.3d 21, 23 (2d Cir. 1997). District courts are granted vast inherent discretionary powers to manage their dockets and cases; the ability to dismiss a case for failure to prosecute pursuant to *Federal Rule of*

*Civil Procedure* 41(b) is a tool used by courts to wield that discretionary power. United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 250-251 (2d Cir. 2004). This Court in its March 20, 2007 Order dismissed Plaintiffs' claim for failure to comply with an order. See March 20, 2007 Order (Dkt No. 163). As the Court noted in that Order, Plaintiffs have repeatedly asked for adjournments and been difficult to schedule conferences with. Further, they were put on notice by various court documents that a failure to comply with an order of this Court would result in dismissal. See August 2006 Order (Dkt. No. 147). The Court was fully within its power, when it utilized its discretion to dismiss this case for failure to comply with an order. Further, as noted in the March 20, 2007 Order, the Court was required to find five factors to dismiss the case, including

> "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."

LeSane v. Hall's Sec. Analyst, Inc. 239 F.3d 206 (2d Cir. 2001).

The Court found in its March 20, 2007 decision that all five factors were implicated and that dismissal with prejudice was the appropriate sanction for Plaintiffs' violation. See March 20, 2007 Order (Dkt No. 163). It was within the Court's discretion to dismiss Plaintiffs' suit due to failure to comply with a court order. As demonstrated above, the Court has repeatedly given Plaintiffs notice of the required submissions and consequences for failing to comply with a court order therefore, the Plaintiffs' due process rights that were not violated and the judgment is not void.

C. THIS COURT DID NOT ABUSE ITS DISCRETION BY DISMISSING PLAINTIFFS' CASE IN ITS ORDER

Abuse of discretion is a standard of review typically reserved for courts with appellate

jurisdiction and not generally as a ground for Rule 60(b) relief.  A court abuses its discretion when its decision rests upon a clearly erroneous finding of fact, upon an errant conclusion of law, or upon improper application of law to the facts.  <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 401 (U.S. 1990).  As discussed above, the Court in its March 20, 2007 Order undertook the necessary review to conclude that dismissal with prejudice was proper.  <u>See</u> March 20, 2007 Order (Dkt No. 163).  Accordingly, the Court did not abuse its discretion when it issued the March 20, 2007 Order.

### III.  Conclusion

The Court re-affirms that Plaintiffs failed to comply with Orders of the Court and to prosecute this matter fully.  The Court therefore, upholds its prior decision to dismiss the matter with prejudice.  Accordingly, the Plaintiffs' Motion for reconsideration of the March 20, 2007 Order is denied and this case remains dismissed.

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiffs' Motion to reconsider (Dkt. No. 172) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:	August 02, 2007
	Albany, New York

Lawrence E. Kahn
U.S. District Judge