UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KALLE SNYDER, MARGE SNYDER, and
STEPHEN C. SNYDER,

                        Plaintiffs,

        -against-                                    1:98-CV-1292 (LEK/RTF)

SHENENDEHOWA CENTRAL SCHOOL
DISTRICT,

                        Defendant.

_____

### DECISION and ORDER

        Presently before the Court is Plaintiffs' Motion for a new trial made pursuant to Federal

Rule of Civil Procedure 59.  Dkt. No. 256 ("Rule 59 Motion").  For the reasons that follow,

Plaintiffs' Motion is denied.

## I.      BACKGROUND

        The Court assumes the parties' familiarity with the underlying facts of the instant action and

shall recount only those relevant to the instant Motion.

        Plaintiffs initiated this suit on August 10, 1998.  Compl. (Dkt. No. 1).  On March 20, 2007,

after an earlier ruling dismissing certain Defendants and claims, see Dkt. No. 84, the Court

dismissed the action in its entirety.  Dkt. No. 163.  Dismissal was predicated on Plaintiffs' failure to

comply with discovery-related court orders and their failure to prosecute their case.  Id.  Following a

September 17, 2009 Summary Order issued by the Second Circuit Court of Appeals vacating that

dismissal, see Snyder v. New York State Educ. Dep't, 348 Fed. App'x 601 (2d Cir. 2009),

Shenendehowa Central School District ("Defendant") remained the sole Defendant in the action and

Plaintiffs' claims against it were limited to:

plaintiffs' claims against the school district under the IDEA pertaining to the 1996-1997 school year alleging that the school district failed to promptly schedule an impartial hearing upon plaintiffs' request, failed to hold a Committee on Special Education ("CSE") meeting in a timely manner, and denied plaintiffs access to Kalle's educational records; (2) plaintiffs' claims against the school district pertaining to the 1996-1997 school year under § 504 of the Rehabilitation Act of 1973 (codified at 29 U.S.C. § 794) and the Americans with Disabilities Act (codified at 42 U.S.C. § 12101 et seq.) ("ADA") alleging that the school district failed to promptly schedule an impartial hearing and denied plaintiffs access to Kalle's educational records; and (3) plaintiffs' claims against the school district pertaining to the 1996-1997 school year for damages under 42 U.S.C. § 1983 for violations of § 504 of the Rehabilitation Act of 1973 and the ADA.

Id. at 604 n.3 (docket citations omitted).

On February 10, 2010, Plaintiffs moved for the appointment of H. Jeffrey Marcus as counsel for this case. Dkt. No. 191. Plaintiffs filed no statement of need in conjunction with this Motion, but they did state that they "cannot afford to come up with even a reasonable retainer in order for Mr. Marcus to consider representing [them]." Id. They attached a letter from Mr. Marcus in which he signaled that he would consider taking on the representation if he could employ co-counsel consisting of a small team of attorneys and if the Court approves "pro bono funding." Marcus letter (Dkt. No. 191, Attach. 1). The Court denied Plaintiffs' Motion. Order (Dkt. No. 193). On March 4, 2010, the Court scheduled a trial date of November 16, 2010.

On November 5, 2010, the Court held a status conference in which it made various rulings related to *in limine* Motions, including rulings limiting the evidence that could be presented at trial. See Tr. 11/05/2010 Status Conference (Dkt. No. 209); Dkt. No. 227. Many of these rulings followed from Plaintiffs' failure to provide information or identify witnesses, and, in particular, expert witnesses during the course of discovery.

Based upon statements made by Plaintiffs during the course of the status conference, the Court advised them that they could file a statement of need and a renewed motion for the

appointment of counsel for trial purposes, but should do so as soon as possible.  On November 9,

2010, Plaintiffs filed a Letter Motion to postpone the trial (Dkt. No. 211) for an unspecified period,

which the Court denied the following day.  Dkt. No. 216.  On November 12, 2010, Plaintiffs filed a

Motion for the appointment of counsel and included some financial information on some Plaintiffs.

Dkt. No. 223.  In this Motion, Plaintiffs made their request for appointment of counsel "[d]espite

some reservations" and asked that the Court "when considering who to appoint . . . be cognizant of

the fact that Marge [Snyder] previously worked full time as a lay advocate for children with

disabilities, assisting parents who were having difficulty with their school districts in procuring their

children's IDEA rights.  In that capacity Marge [Snyder] was sitting 'across the table' from many

school district attorneys who might be on a list of attorneys that the Court uses to appoint counsel."

Id. at 3.  Plaintiffs also acknowledged that appointment of counsel at this late date "will necessarily

mean a postponement of the trial next week."  Id.  The Court denied this Motion.  Dkt. No 233.

        Also on November 12, 2010, Defendant filed fifty-six pages of proposed jury instructions

and a proposed verdict form.  See Dkt. Nos. 219, 229.  Plaintiffs objected to Defendant's proposed

instructions, arguing that the volume of instructions was meant to intimidate Plaintiffs, but also that,

upon review of the proposed instructions, they "find incomplete concepts development, lack of

accurate or relevant directives to law or regulations applicable to [their] case, and wording that

would cause prejudice toward [them] . . . ."  Dkt. No. 236 at 5.

        Jury trial in this case began on November 16, 2010 and continued daily through November

19, 2010, at which point it was adjourned until November 29, 2010.   In the interim, on November

26, 2010, Plaintiffs filed their own proposed jury instructions, which they amended three days later.

Dkt. Nos. 241, 242.  Trial resumed on November 29, 2010 and continued into the following day.

On November 30, 2010, the jury returned a verdict, finding that Defendant violated the Individuals with Disabilities Education Act with respect to Kalle Snyder, Marge Snyder, and Stephen Snyder. Dkt. No. 248.  The jury found that Defendant did not violate Section 504 of the Rehabilitation Act or the Americans with Disability Act with respect to any Plaintiff.  Id.  Finally, the jury found that Defendant had not violated 42 U.S.C. § 1983 with respect to any Plaintiff.  Id.  Accordingly, no damages were awarded.

On December 28, 2010, Plaintiffs filed a Motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.  Dkt. No. 256.  Therein, Plaintiffs assert various grounds that they allege justify an order granting a new trial.  These include broad claims alleging the violation of Plaintiffs' rights to substantive due process and their rights under the Seventh Amendment. Plaintiffs assert that several of the Court's evidentiary rulings were incorrect; that the jury instructions did not adequately define the legal framework underlying Plaintiffs' claims; that the verdict form was unclear and incomplete; and that the Court's refusal to appoint counsel unfairly prejudiced them, all of which, they allege led to "a significant miscarriage of justice."  Id. at 7.

## II.     DISCUSSION

### A.  Standard of Review

Federal Rule of Civil Procedure 59 allows a court, on motion, to "grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  FED. R. CIV. P. 59(a)(1)(A).  In considering such a motion, "a trial judge . . . 'is free to weigh the evidence himself and need not view it in the light most favorable to the verdict winner.'"  Song v. Ives Labs. Inc., 957 F.2d 1041, 1047 (2d Cir. 1992) (quoting Benevivo v. Saydjari, 574 F.2d 676, 684-85 (2d Cir. 1978)).  Moreover, "a new trial may

be granted even if there is substantial evidence to support the jury's verdict." Id. Thus, the decision to grant a new trial is committed to the discretion of the trial judge, and a "motion for a new trial should be granted when, in the opinion of the district court, 'the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice.'" Id. (quoting Smith v. Lightning Bolt Prod., Inc., 861 F.2d 363, 370 (2d Cir.1988)).

The primary responsibility of a judge reviewing a Rule 59 motion is to ensure that a jury verdict does not impose manifest injustice. See Benevivo, 574 F.2d at 684 ("The trial judge, exercising a mature judicial discretion, should view the verdict in the overall setting of the trial; consider the character of the evidence . . . and abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result."); LiButti v. United States, 178 F.3d 114, 118 (2d Cir. 1999) ("a trial court should be most reluctant to set aside that which it has previously decided unless convinced that it was based on a mistake of fact or clear error of law, or that refusal to revisit the earlier decision would work a manifest injustice."). "A new trial under Rule 59 may be broadly predicated on arguments demonstrating that . . . there are questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." Mitrione ex rel. Brittany v. Monroe, No. 1:02-CV-526, 2010 WL 1539719, at *4 (N.D.N.Y. Apr. 19, 2010) (Kahn, *J.*) (quotation marks and citations omitted).

## B. Plaintiffs' Claims

### 1. Evidentiary Rulings

Plaintiffs' contend throughout their Rule 59 Motion that the Court erroneously excluded evidence, including witness testimony, both through pre-trial rulings and at trial. Plaintiffs provide little specificity as to which rulings they object, and under what Rule of Evidence or other authority,

such rulings were incorrect and prejudicial.  To the extent that Plaintiffs fail to identify which rulings are the target of their objections, what documents or testimony should have been admitted into evidence, and how their exclusion prejudiced Plaintiffs, they fail to meet their burden of showing a new trial is warranted.  See FED. R. CIV. P. 61 ("Unless justice requires otherwise, no error in admitting or excluding evidence – or any other error by the court or a party – is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order.").

Where Plaintiffs do provide examples, for instance in the Court's exclusion of testimony from Marie Fountaine, a lay witness, beyond that of her personal knowledge, and admission of testimony from Victor DeBonnis, see Rule 59 Mot. at 5-7, their assertions are without merit and/or fail to meet the standard required for a new trial under Rule 59.  See FED. R. EVID. 701; LiButti, 178 F.3d at 118.

The Court's pre-trial rulings, see Dkt. Nos. 207, 216, 227, to which Plaintiffs object in general terms resulted, in large part, from Plaintiffs' own failures during discovery, including their failure to identify any expert witness and update interrogatory responses.  Plaintiffs also object to the Court's pre-trial ruling that Plaintiffs are not entitled to compensatory education under the IDEA, arguing that this was incorrect, and denied them their right to due process and trial by jury. This argument is erroneous, see Cosgrove v. Bd. of Educ. of Niskayuna Cent. School Dist., 175 F. Supp. 375, 387-88 (N.D.N.Y. 2001) (an award of compensatory education for a child over the age of twenty-one is an *equitable* remedy available where there has been a gross violation of the IDEA) (citing *inter alia* Wenger v. Canastota Cent. Sch. Dist., 979 F. Supp. 147 (N.D.N.Y. 1997); Burr by Burr v. Ambach, 863 F.2d 1071 (2d Cir. 1988)), and, in any event, in the Court's view, insufficient

6

to entitle Plaintiffs to a new trial.

### 2. Jury Instructions

Plaintiffs state that "[t]he Court's Jury Instructions, lacking in specificity of the laws involved in our case and facts upon which the Jury could rely, forced the jury to come to unreasonable or unjust verdict . . . ."  Rule 59 Mot. at 5; see generally Objections to Jury Instructions (Dkt. No. 253).  Plaintiffs object, for example, to "the lack of specificitiy in the Jury Charge [which] made it impossible for the jury to establish any relationship between [Plaintiffs'] remanded claims and Section 504 and the ADA in particular.  They could not find the School liable for gross misjudgment and thus discrimination because the Jury Charge and verdict form did not allow for such findings."  Rule 59 Mot. at 7.  Plaintiffs assert that the jury charge incompletely recited the laws causing the jury to incorrectly interpret the evidence.  Id. at 10.  Relatedly, they argue that the verdict form precluded the jury from understanding how the evidence applied to relevant law insofar as "the Verdict Form did not provide Jurors with questions that led to findings of the damages due . . . ."  Id. at 15.  Plaintiffs additionally argue that they were not provided adequate time to review and object to the jury charge, and that the Court's failure to use all aspects of the jury instructions that they proposed was erroneous and prejudicial.  Rule 59 Mot. at 10.  They claim that these errors require granting a new trial.

"The standard for review of jury charges is 'whether the entire charge, viewed in light of all the evidence, would tend to confuse or mislead the jury as to the principles of law that apply to the facts.'"  Webb v. GAF Corp., 936 F. Supp. 1109, 1118 (N.D.N.Y. 1996) (quoting Nat'l R.R. Passenger Corp. v. 25,900 Sq. Ft. Parcel of Land, 766 F.2d 685, 688 (2d Cir. 1985)); see also Anderson v. Branen, 17 F.3d 552, 556 (2d Cir. 1994).  "The error must appear, from a review of the

record, to be prejudicial before a new trial will be granted." Webb, 936 F. Supp. 1109 (citing Fed.

R. Civ. P. 61; Nat'l R.R. Passenger Corp., 766 F.2d at 688); see Anderson, 17 F.3d at 556.

In light of objections raised in Plaintiffs' Rule 59 Motion and Objections to Jury

Instructions, the Court has reviewed the jury instructions and jury charge and finds this standard

unmet.  The Court also rejects Plaintiffs' assertion that their not being afforded adequate time to

review the final instructions was prejudicial or created an injustice.  Further, it sees no miscarriage

of justice or serious error in the jury's findings, as there is adequate evidence to support its verdict

and no inconsistency in the jury's answers to the verdict form.

### 3.  Failure to Appoint Counsel

An overarching theme of Plaintiffs' Rule 59 Motion is the unfairness brought on by their *pro

se* status.  See generally Rule 59 Mot.  As a basis for a new trial, Plaintiffs argue that this Court's

refusal to appoint counsel resulted in manifest injustice.  While this is an unusual basis for a Rule 59

Motion, it is not without precedent.  See, e.g., O'Neal v. Cnty. of Nassau, 992 F. Supp. 524, 534-35

(E.D.N.Y. 1997) (denying Rule 59 Motion premised on failure to appoint counsel).

Plaintiffs believe that their *pro se* status disadvantaged them in both the pre-trial and trial

stages of this litigation.  Their Rule 59 Motion emphasizes this fact and argues that the Court's

failure to appoint counsel led to a miscarriage of justice.  See, e.g., Rule 59 Mot. at 3-4; 11-15.

Plaintiffs highlight that subsequent to the Second Circuit's reinstatement of their action, this Court

twice denied requests for the appointment of counsel.  Id. at 11-15.  While the Court acknowledges

the great advantages of representation by experienced counsel, Plaintiffs' *pro se* status does not

entitle them to a new trial.

There is no legal right to counsel in civil cases.  Hodge v. Police Officers, 802 F.2d 58, 60

(2d Cir. 1986) (citing In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984)).  Furthermore, the Court sees no manifest injustice resulting from the its denials of Plaintiffs' Motions seeking appointment of counsel.  Dkt. Nos. 191, 223.  The first was submitted without any documentation of Plaintiffs' financial status, and the second with only partial documentation on some of the Plaintiffs. See Dkt. Nos. 191, 223; see also 28 U.S.C. § 1915(e)(1) (establishing indigency, defined as "person unable to afford counsel" as a precondition for court appointment of counsel under the statute).  The first Motion asked for an extraordinary appointment, namely that not one, but a small team of attorneys be appointed (see Dkt. No. 191, Ex. A.); the second Motion was filed on the eve of trial just after Plaintiffs' Motion for postponement was denied.  See In re Martin-Trigona, 737 F.2d at 1260-61 (affirming district court's denial of motion for appointment of counsel where plaintiff moved for counsel on the eve of trial in an action in which there had been persistent delays).  Both Motions were filed long after the close of discovery and the time for identification of expert witnesses.  See Uniform Pre-Trial Scheduling Order ("UPSO") (Dkt. No. 149).  Thus, their denial did not prejudice Plaintiffs with regard to evidentiary rulings traceable to Plaintiffs' own lapses during discovery.  Further, as the Court noted in the final pre-trial conference and before Plaintiffs filed their second appointment Motion, part of Plaintiffs' difficulty in obtaining a lawyer despite an applicable fee-shifting statute, was that their case was, "perhaps a long shot."  Tr. 11/05/2010 Status Conference (Dkt. No. 209) att 11-12; see Cooper v. A. Sargenti Co., Inc., 877 F2d 170, 173-74 (2d Cir. 1989) ("Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention."); Hodge, 802 F.2d at 60 ("'counsel is often unwarranted where the indigent's chances of success are extremely slim.'") (quoting Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)).  Finally, upon review of the record

and transcript of the trial itself, the Court finds that Plaintiffs were extended wide latitude in the

presentation of their case as a consequence of their *pro se* status.

In sum, the Court finds that Plaintiffs' *pro se* status and the Court's not appointing them

counsel did not lead to a seriously erroneous result or miscarriage of justice, and does not entitle

them to a new trial or amendment of the judgment.

### 4. Seventh Amendment

Plaintiffs assert that their Seventh Amendment right of trial by jury was violated, and that

this, too, requires holding a new trial.  They aver that the Court made determinations regarding

compensatory damages, that were properly within the purview of the jury.  Rule 59 Mot. at 2-3.

Plaintiffs argue that this denied them their rights under the Seventh Amendment.  They add,

"because the practice of *additur* (Snyder jury did not provide any awards) violates the Seventh

Amendment right to trial by jury" relief can only occur through a new trial.  Id.  This claim is

without merit.

### 5. Misrepresentations by Defendant

Plaintiffs include broad claims that Defendant misrepresented the law and facts underlying

this action both before and after trial.  See, e.g., Rule 59 Mot. at 11-14.  A Rule 59 Motion is not the

proper place for these arguments, nor do they convince the Court that any miscarriage of justice has

occurred.

### III.   CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiffs' Rule 59 Motion (Dkt. No. 256) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:      February 22, 2011
            Albany, New York

Lawrence E. Kahn
U.S. District Judge

11